DECISION
{¶ 1} Appellant, Michael A. McFadden, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas, and from the trial court's determination that he should be adjudicated a sexual predator under R.C. Chapter 2950.
 {¶ 2} According to the recitation of facts at sentencing, in March 2001, appellant downloaded from the Internet a number of photographs of minor females in various states of nudity. Three of the photographs depicted the girls performing sexual acts. Appellant also posted one similar photograph of a minor on an Internet site. Appellant pled guilty to one count of pandering obscenity involving a minor, a violation of R.C. 2907.321, a felony of the second degree, and four counts of illegal use of a minor in nudity-oriented material, in violation of R.C. 2907.323, a felony of the fifth degree. On December 3, 2001, the trial court sentenced appellant to a four-year prison term on the pandering count and four six-month prison terms, to be served concurrently with each other but consecutively to the pandering sentence, for the counts of illegal use of a minor in nudity-oriented material. Appellant's total term of incarceration is four and one-half years. Appellant filed a timely appeal to this court. On September 26, 2002, this court affirmed appellant's conviction. State v. McFadden, Franklin App. No. 01AP-1476, 2002-Ohio-5073. On December 20, 2002, appellant filed an application to reopen his appeal under App.R. 26(B). In considering appellant's application to reopen, we found that appellant had presented genuine issues regarding the sufficiency of the sexual predator classification proceedings and sentencing hearing, and made a colorable argument that appellate counsel was ineffective in failing to raise these issues in the initial appeal. We accordingly granted reopening. The matter is now before us on the merits.
 {¶ 3} Appellant raises two assignments of error:
I. The Trial Court Erred When It Failed To Provide The Mandatory Notice Of The Sexual Predator Hearing As Required By Law. This Is Plain Error And Grounds To Vacate A Sexual Predator Finding.
II. The Trial Court Erred When It Failed To Properly First Consider The Imposition Of The Shortest Prison Term For An Offender Who Has Never Served A Previous Prison Term And Also Erred When It Failed To Make Sufficient Findings, Supported By The Record, To Justify The Imposition Of Consecutive Sentences.
 {¶ 4} Appellant argues in his first assignment of error that he was not provided notice of the sexual predator hearing as required by R.C. 2950.09(B)(1), and that this constitutes error requiring a new hearing. Appellant concedes that no objection was made at the hearing itself to going forward despite the absence of formal notice.
 {¶ 5} In State v. Gowdy (2000), 88 Ohio St.3d 387, 399, the Ohio Supreme Court held that "the notice requirement for sexual offender classification hearings under R.C. 2950.09(B)(1) is mandatory." Absent notice, the Supreme Court determined that the "defendant's classification as a sexual predator must be vacated and the matter remanded to the trial court for a sexual offender classification hearing with proper advance notice of the hearing issued to the parties." Id. The court specified that notice of the sentencing hearing would not serve as the required notice of the sex offender classification hearing. Id.
 {¶ 6} The Supreme Court did not, however, state in Gowdy that a failure to give proper notice of the sexual offender classification hearing constituted reversible error under all circumstances. In Gowdy, as in the case before us, no objection was raised at trial. The Supreme Court declined to find the absence of notice to constitute reversible error per se, but instead applied a stringent civil plain error standard: "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id. at 398, quoting Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus. The court then examined the circumstances of the defendant's case and concluded the case involved "such exceptional circumstances [that the] lack of notice constituted plain error." Among these extraordinary circumstances, the court noted that lack of preparation on the part of counsel at the hearing, and an attempt by counsel to withdraw from representation due to discord between counsel and client.
 {¶ 7} No such factors allowing us to presume prejudice exist in the case before us. In fact, in briefing the present matter current appellate counsel has not presented any arguments specific to appellant's case that could have been raised more effectively had notice of the hearing given trial counsel more time to prepare. The only specific R.C.2950.09(B)(3) positive factor raised by counsel is one duly noted by the trial court: appellant's lack of a criminal record. This court has previously declined to "raise form over substance" when assessing the impact of a lack of formal notice for a classification hearing. State v. Dickenson (Dec. 14, 2000), Franklin App. No. 00AP-372. Similarly, we do not on the present facts find error rising to the level of "challenging the legitimacy of the underlying judicial process itself," thus, we distinguish Gowdy and decline to notice plain error in this case. Appellant's first assignment of error is overruled.
 {¶ 8} Appellant's second assignment of error contends that the trial court did not make sufficient findings required by R.C. 2929.14(B) to impose a prison term above the minimum sentence for a second-degree felony. Appellant also contends that the trial court did not make findings on the record, as required by R.C. 2929.14(E), to justify the imposition of consecutive sentences.
 {¶ 9} The state on appeal concedes that the trial court's findings and pronouncements at the sentencing hearing were not sufficient to satisfy the sentencing statutes or State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. The state argues, however, that we should not find that appellant received ineffective assistance of appellate counsel for failure to raise this issue in appellant's initial appeal. The state points out that, in order to make a showing of ineffective assistance of counsel, appellant must show both that counsel's performance fell below an objective professional standard of reasonable representation and, in addition, that there is a reasonable probability that absent counsel's errors the outcome of the proceeding would have been different. State v. Bradley (1989), 42 Ohio St.3d 136. Since there was sufficient evidence to support the trial court's determination that consecutive nonminimum sentences were warranted, the state argues that raising this issue on appeal would ultimately not have resulted in a different sentence on remand, and the assignment of error must be overruled.
 {¶ 10} The state's argument to a degree correctly states the law but applies it to the wrong proceeding in two ways. First, if we were addressing the competence of original appellate counsel at this point, the question would not be whether the outcome in the trial court would likely have been different, since that is not where the alleged ineffective representation took place, but whether the outcome of the appeal would have been different. Because the state properly concedes error in sentencing, it is of course more than probable that had this issue been raised in the original appeal our decision would not have resulted in an affirmance. Prejudice to appellant can therefore be shown based on the outcome of the prior appeal. Second, and more to the point, at this stage of appellant's reopened appeal, we are no longer concerned with establishing ineffective assistance of appellate counsel; we are addressing the merits of appellant's two allowed assignments of error filed pursuant to our decision allowing the appeal to be reopened. Having obtained reopening by making a colorable argument of ineffective assistance of appellate counsel, appellant is not now held to seek a conclusive showing on that issue, but rather to sustain his arguments on the merits regarding alleged error in the trial court. The state concedes those merits, and appellant's second assignment of error is accordingly sustained.
 {¶ 11} In summary, appellant's first assignment of error is overruled, and his second assignment of error is sustained. The matter is remanded to the trial court for resentencing, but without altering the trial court's determination that appellant should be classified a sexual predator.
Judgment affirmed in part and reversed in part; case remanded for resentencing only.
BOWMAN, J., concurs.
KLATT J., dissents.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.